**SECURITIES AND EXCHANGE COMMISSION, Petitioner,**

v.

**David P. WHITMAN and Lowell R. Allen, Respondents.**

**Misc. No. 85–0083.**

United States District Court, District of Columbia.

April 15, 1985.

Alexia Morrison, Joseph Goldstein, William Donnelly, · Thomas Karol, S.E.C., Washington, D.C., for petitioner.

Philip A. Lacovara, Geoffrey P. Aronow, William L. Webber, Hughes, Hubbard & Reed, Washington, D.C., John S. Martin, Jr., Catherine Samuels, Schulte, Roth & Zabel, New York City, for respondents.

## ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is the application of the Securities and Exchange Commission ("SEC" or "the Commission") for an Order Requiring Obedience to Subpoenae Duces Tecum, and respondents' opposition thereto. The underlying subpoenae were directed to respondents David P. Whitman and Lowell R. Allen of the certified public accounting firm of Coopers & Lybrand ("C & L") in connection with an SEC Enforcement Division private investigation into the trading of the securities of Anacorp, Inc., a client of C & L. Respondents Whitman and Allen are, respectively, the audit manager and audit partner responsible for an audit of Anacorp, Inc. by C & L. Both are willing to testify under oath before the Commission in the presence of their counsel *and* a nonlawyer accountant from C & L's General Counsel's Office, who would provide technical assistance to respondents' counsel on accounting and auditing issues. The sole issue presented herein is whether the Commission may refuse to permit a nonlawyer technical adviser to accompany a witness and his counsel during the actual taking of investigative testimony.

Congress has expressly recognized that a witness subpoenaed to testify before an agency has a right to representation under the Administrative Procedure Act ("APA"):

> [a] person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented and advised by counsel, or, if permitted by the agency, by other qualified representative. 5 U.S.C. § 555(b).

This subsection or the APA "does not grant or deny [a nonlawyer] the right to appear for or represent others" in an agency proceeding, *id.*, but the witness' right to counsel is absolute. *See SEC v. Csapo,* 533 F.2d 7 (D.C.Cir.1976); *see generally*

*United States v. Weiner,* 578 F.2d 757, 773 (9th Cir.1978), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978). The issue presented here is not whether an agency must permit a nonlawyer to represent a subpoenaed witness, but whether counsel representing a witness may, in order to fully (and thereby adequately) serve his client, utilize the expertise of a technical adviser by his side at the agency proceedings.

The Commission excludes nonlawyers from attending its investigative proceedings *in any capacity* under its own Rules of Practice. As pertinent, those rules provide that

> [a]ny person compelled to appear, or who appears by request or permission of the Commission, in person at [a] formal investigative proceeding may be accompanied, represented and advised by counsel, as defined in Rule 2(b) of the Commission's Rules of Practice. 17 C.F.R. § 203.7(b) ("Rule 7(b)").

Rule 2(b) of the Commissioner's Rules of Practice, 17 C.F.R. § 201.2(b), defines counsel as

> an attorney at law admitted to practice before the Supreme Court of the United States, or the Court of Appeals or the District Court of the United States for the District of Columbia.

■ To the extent that Rule 7(b) and Rule 2(b) of the Commission's Rules of Practice impinge upon counsel's ability to adequately represent his client who has been called upon to testify, they cannot be upheld. Given the extraordinary complexity of matters raised in agency investigations in this modern day, counsel trained only in the law, no matter how skillful, may on occasion be less than fully equipped to serve the client in agency proceedings. Unless the lawyer can receive substantive guidance from an expert technician—in this case, an accountant—when he determines in his professional judgment that such assistance is essential, his client's absolute right to counsel during the proceedings would become substantially qualified.

The Securities and Exchange Commission's Rules of Practice here at issue were promulgated under section 555(b) of the APA, *see* Commission's Memorandum at 12, yet as applied in this case they effectively dilute the basic right afforded by Congress. Congress determined that a witness testifying before an agency cannot be denied the accompaniment, representation and advice of counsel, regardless of the nonadjudicatory nature of the proceeding. That determination reflects the lawmakers' understanding of potential perils to the witness which accompany the act of testifying,[1] and calls for the full potency of the right to counsel.

■ The Commission itself is well aware of the limits on a lawyer's expertise: indeed, in the investigative proceedings here at issue, the agency's own counsel rely heavily on the SEC accounting staff not only to provide advice and assistance but also to pose the questions to the respondents. The Commission correctly states that nothing in the APA guarantees the respondent a parity of advantage, but a witness' established right to his counsel's *representation and advice* (not merely presence) at agency proceedings, *see* 5 U.S.C. § 555(b), calls for some means of narrowing the gap between his counsel's and the questioner's technical expertise. Granting permission to the witness' attorney to bring an expert of his own choosing to the agency proceedings as an extension of himself (as an assistant) is a simple and expedient way to give veritable meaning to the witness' right to counsel. Certainly, it is less disruptive and more reasonable than the Commission's current practice of allowing counsel to interrupt proceedings to consult with experts posted (with the agency's permission) just outside the door.

Today's decision does not unduly erode the agency's power and authority to conduct its own proceedings with little intrusion. On those limited occasions when a technical adviser is deemed by the witness' attorney to be essential, the expert will serve as an adjunct to counsel. The attorney bears ultimate responsibility for the accountant's conduct, and the risk that the proceedings will be obstructed or somehow tainted is minimal. In addition, the attorney is charged with avoiding even a potential conflict of interest on the part of the accountant, who in this case is employed by the respondents' employer. With these provisos, it would be arbitrary and capricious to systematically deny a witness' counsel the assistance of a technical expert by his side in agency proceedings while his client testifies as to a subject matter beyond the able counsel's expertise.

For the reasons stated above, it is by the Court this 15th day of April, 1985

ORDERED that the application of the SEC for an Order Requiring Obedience to Subpoenas Duces Tecum is denied insofar as the Commission would refuse to allow counsel for respondents to be accompanied and assisted at SEC investigative proceedings by a nonlawyer technical adviser with special expertise in accounting.

■■■■■■■■■■■■■

---

1. In this case, the Commision openly acknowledges that a witness' testimony may later be used against him in a variety of ways. *See* Exhs. A, B to Affidavit of John S. Martin, Jr.